UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES REASON,

Plaintiff,

v.

ARNE BELSBY, and GOLDEN BOYS EQUIPMENT, LLC,

Defendants.

NO: 2:15-CV-311-RMP

ORDER GRANTING MOTION TO DISMISS

BEFORE THE COURT is Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF No. 27. The Court has reviewed the motion, the record, and is fully informed.

Plaintiff alleges various state law claims and invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Amended Complaint at 2, ECF No. 20. Defendants now seek dismissal of Plaintiff's claims pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6).

\\

\\

## ANALYSIS

Although Defendants challenge the viability of a number of Plaintiff's claims, the Court must first determine its jurisdiction to hear this matter. Therefore, the Court addresses Defendants' 12(b)(1) challenge to subject matter jurisdiction as a threshold matter.

The jurisdictional statute that Plaintiff relies upon, 28 U.S.C. § 1332, provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions . . . between-- (1) citizens of different States . . . ." Subject matter jurisdiction based on diversity of the parties "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Therefore, the Court must determine whether "complete diversity" exists to resolve the question of subject matter jurisdiction. *See id*.

Unlike a challenge for failure to state a claim, a jurisdictional challenge made pursuant to FED. R. CIV. P. 12(b)(1)

> can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court. *See Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *see also* C. Wright & A. Miller, *supra*, § 1350, at 550–51. It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction. The district court obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes. *See Thornhill Publishing*, 594 F.2d at 733.

*St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Importantly, "the party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir.1961)).

Plaintiff has not properly alleged the citizenship of any of the parties in this action as the Amended Complaint only refers to where the parties reside.[1] *See generally* Amended Complaint, ECF No. 20. However, assuming arguendo that Plaintiff's assertions of residency properly allege citizenship, Plaintiff asserts that Defendant Belsby is a citizen of Washington, that Defendant January is a citizen of California, and that "Golden Boy's Equipment LLC is a Wyoming Limited Liability Company." *Id*. at 2. Plaintiff's reference to where Golden Boys Equipment ("GBE") was formed does not establish the citizenship of that LLC.

For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendants argue that Plaintiff is a member of GBE, which imputes his citizenship onto

---

[1] "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

GBE. Motion at 1-2, ECF No. 27. Defendants argue that since Plaintiff and GBE are both citizens of Idaho, this Court lacks subject matter jurisdiction. *Id*.

Plaintiff appears to argue that he is not a member of GBE, stating that "[d]iversity jurisdiction exists as (a) Mr. Reason's acquisition of GBE securities does not make him a GBE member as a matter of law; and, (b) Mr. Reason's Amended Complaint does not plead that Mr. Reason is a GBE member." Amended Complaint at 2, ECF No. 20. Although Plaintiff states that he "hereby tenders, to Defendants, his 60 units of Golden Boys securities," Amended Complaint at 8, ECF No. 20, his current repudiation of his membership in GBE is contradicted by documents submitted by Defendants, and the evidence supports that Plaintiff is a member of GBE at the time of the pleading.

Defendants provided the Court with a state court pleading in Plaintiff's prior case against GBE and Belsby filed on June 18, 2015 (five months before this case was filed), that stated unambiguously, "Reason is a member of Golden Boys." Reply, Ex. A at 11, ECF No. 31-1. In addition to Plaintiff's own pleading, Defendants also provided a state court order listing Plaintiff as a member of GBE. *See* Reply, Ex. B at 2, ECF No. 31-2.

Plaintiff argues that since he did not plead that he was a member of GBE, he must be treated as not being a member, and the Court should infer

that it has diversity jurisdiction. Response at 4, ECF No. 30. He argues that Defendant's 12(b)(1) challenge is flawed in two ways:

> First, GBE is a Wyoming, LLC. (AC ¶3) Under Wyoming law an individual becomes an LLC member, *inter alia*, per the entity's operating agreement or members' consent. Wyo. Stat. Ann. § 17-29-401(d)(i)&(iii) (West). Purchasing an entity's units (or acquiring any ownership interest in such an entity) does not automatically make a person a LLC member. *See id.* Since the AC does not allege that GBE's operating agreement or GBE's member consent made Mr. Reason a GBE member Defendants' claim fails. Second, nowhere does Mr. Reason's Amended Complaint claim that Mr. Reason is a GBE member. Since reasonable inferences must be made in the non-moving party's favor on a Motion to Dismiss the Court should conclude that Mr. Reason's AC does not establish Mr. Reason's GBE membership.

*Id*.

Plaintiff misstates his burden of demonstrating the applicability of 28 U.S.C. § 1332, as this Court is not obligated to blindly accept his conclusory statements (or inferences) in the face of contradictory evidence. Given his prior position that "Reason is a member of Golden Boys," the evidence supports a finding that he became a member of GBE pursuant to the requirements of the Wyoming statute that he cites. *See* Reply, Ex. A at 11, ECF No. 31-1.

Defendants rely on the doctrine of "judicial estoppel" to prevent Plaintiff from arguing that he is not a member of GBE when he argued to the contrary in a prior lawsuit. Reply at 4, ECF No. 31. Plaintiff sought to rebut this estoppel argument by submitting a sur-reply that contained a copy of a letter from Defendant Belsby's brother that was filed in the state court case.

*See* Crotty Declaration, Ex. A, ECF No. 32. The letter makes reference to a conversation in which Belsby allegedly told his brother "[T]here was some confusion over the loan, since the plaintiff is acting as a member when Mr. Reason would not agree to nor sign the LLC membership agreement. Instead, he offered his own sophisticate [sic] agreement and operating agreement which was not satisfactory for all the members to agree too [sic]." *Id*. Without opining on various evidentiary issues regarding a letter purporting to be from a defendant's brother and mentioning a separate conversation, the Court finds that this document lacks persuasive value. The Court need not address Defendants' estoppel argument considering that Plaintiff fails to meet his burden of proving jurisdiction as the only persuasive evidence before the Court supports Plaintiff's status as a member of GBE.

The evidence supports that Plaintiff is a citizen of Idaho, and since the only evidence before the Court supports that GBE's citizenship includes Idaho, this suit lacks complete diversity. Therefore, the Court does not have subject matter jurisdiction over Plaintiff's claims.

As this Court finds that it lacks jurisdiction over this entire suit, the Court will not review the merits of Defendants' arguments asserting that Plaintiff fails to state a claim upon which relief may be granted.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss, **ECF No. 27**, is **GRANTED**.

2. Any pending motions are found as moot.

The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** this 14th day of November 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge